## PROPER TEST AS TO THE CHARACTER OF AN ACTION.

Circuit Court of Cuyahoga County.

THE UNION SALT COMPANY v. GORDON MILLER, SOLE SURVIVING
PARTNER OF ALEXANDER MILLER & BROTHER.

Decided, February 7, 1910.

*Petition—Allegations, Not Prayer, Determine Character of Action—
Service by Publication.*

1. A petition which states a case for money only, and nothing else,
can not, by the prayer, be made a case for the interposition of
a court of equity.
2. In such a case service by publication can not be had upon a non-
resident defendant under either the third or fifth paragraph of
Section 5045, Revised Statutes.

*Henderson, Quail & Siddall,* for plaintiff in error.
*Weed, Miller & Rothenberg,* contra.

MARVIN, J.; WINCH, J., and HENRY, J., concur.

Suit was brought by plaintiff in error against the defendant
in error and William S. Miller, both non-residents of the state
of Ohio. Proper affidavit was filed for service by publication.
Publication of notice was made and a copy of the petition and
summons was served upon each of said defendants in the state
of New Jersey. In short, if the case is one in which the defend-
ants could be brought into court by publication and service out-
side of this state, the defendants were properly brought into the
jurisdiction of the court.

The defendant in error, appearing only for the purpose of
his motion, filed a motion to set aside the service made upon him,
the ground of the motion being only that the case made in the
petition is not one in which service by publication is authorized
by law. This motion was sustained and error is prosecuted here
to reverse this action of the court.

The petition is somewhat voluminous, but the substance of it
is that Gordon Miller is the sole surviving partner of a co-part-

nership which did business under the firm name of Alexander Miller & Brother; that said firm, on the 4th day of February, A. D. 1908, entered into a written contract with the plaintiff whereby said firm was to furnish and erect on the premises of the plaintiff at Cleveland, Ohio, a certain salt manufacturing apparatus, weighing about 200 tons, capable of producing 200 tons of salt every twenty-four hours. Provision is made in the contract as to material and workmanship to be employed in the construction of such apparatus. The plaintiff was to provide a suitable building and sufficient and adequate foundation for such apparatus. The plaintiff was to pay for said apparatus in all $60,000 to be paid in monthly installments, upon estimates, the several payments to be 85% of the value of labor and materials used and applied in such construction at the time of such payments. When the construction should be completed, the construction firm was to give it tests, and when showing by such tests that it fully met the requirements of the contract, the entire balance of the contract price was to be paid.

Said firm entered upon the construction of said apparatus; while the work was in progress Alexander Miller, the head of the said firm, died, and the defendant in error, as surviving partner, continued the work of construction, until he claimed and claims to have fully performed the contract on his part and on the part of said firm to be performed.

Pursuant to the terms of the contract, the plaintiff paid from time to time estimates upon such work until it had paid 85% of the full contract price, to-wit, $51,000. The petition alleges that the apparatus, as constructed, will not do the work which it was to do; that the defendant has been unable to make it operate, and that, therefore, the defendant has failed to complete the contract on the part of said firm.

The plaintiff further says in its petition that owing to the peculiar nature of the apparatus, and the way in which it was operated, experiments must be made, and alterations and changes, so as to adapt the apparatus to the work required of it; that this requires the service of persons of exceptional skill who may be required to experiment and make changes, and again make experiments and other changes so that a large amount must

be expended before it can be determined whether the apparatus can be made to operate properly. The materials and machinery constituting the construction erected by the defendant and his firm are mostly iron and steel, and to prevent deterioration and loss require constant care. The plaintiff refused and does refuse to accept the apparatus so constructed, and has notified and requested the defendant to care for and protect such materials and machinery which he refuses to do, and so the plaintiff says the same is rapidly going to waste and that unless properly cared for, it will soon become of little value. The only allegation in the petition as to the defendant, William S. Miller, is that he has, or claims to have, some interest in the salt making apparatus, which is the subject of the controversy. He had made no appearance in the case for any purpose.

The prayer of the petition, based upon the foregoing facts is:

"Wherefore, plaintiff prays that it may be found to have an equitable lien upon the said plant and apparatus for its expenditures in connection therewith under the said contract; that the court at once appoint a receiver to take charge of the said plant and apparatus, to care for the same under the order of the court and to take such action with respect to its completion and the demonstration of its capacity as to the court may seem proper; that an accounting may be had herein as to the rights and obligations of all the said parties with reference to the said plant and apparatus; that, if it shall appear herein that the same can not be reasonably adapted to the plaintiff's use as contemplated by the said contract, the plaintiff's lien thereon may be protected and enforced, and that the plaintiff may be given such other and further relief in the premises as equity may require."

It is urged that the facts stated in the petition are such as to authorize the appointment of a receiver and that one being appointed and the property being thereby taken into the custody of the court, it has full jurisdiction to determine all questions concerning such property.

At any rate, it is urged that the petition clearly shows that the plaintiff is *seeking* to have the property of the defendant taken or appropriated by one of the provisional remedies provided by statute, and so, it is said, that the case comes within the

provisions of Section 5045, Revised Statutes, the third subdivision of which provides for constructive service "in actions in which it is sought by a provisional remedy to take or appropriate in any way the property of the defendant, when the defendant is a non-resident of this state." And in sub-division 5 of the same section, it is provided that such service may be had when the relief *demanded* consists wholly or partly in excluding him —the defendant—"from any interest therein." It is said that this clause necessarily relates to the prayer of the petition. But it certainly is not the law that upon a petition which clearly states a case for the payment of money only, and states nothing else, the pleader may by his prayer make a case for the interposition of a court of equity.

True, it is said in *Buchanan* v. *Roy's Lessee,* 2 Ohio St., 251, that:

"We do not wish to be understood as assenting to the proposition that wherever a general demurrer would have been well taken to a bill, it follows that the court has no jurisdiction."

This language is relied upon by counsel for plaintiff in error, and quoted in his brief. However, immediately following this language in the opinion the court uses the following language:

"But when the defect is not a mere want of equity, but is some fact that precludes the court from entering upon the inquiry whether the complainant has an equity or not, in such a case the defect is fatal to the jurisdiction."

In the case of *Barbour* v. *National Exchange Bank,* 45 Ohio St., 135, cited and quoted from in plaintiff's brief, the court sustains its holding upon the ground that the facts shown by the pleadings authorize the appointment of a receiver and not because one is prayed for.

Undoubtedly a court may have jurisdiction of a case in equity as well as at law where there is some defect in the petition which would render it subject to be held bad on general demurrer, but when all the allegations of a petition, giving the most liberal construction to the pleader, clearly show that whatever the case he has is one at law, and not in equity, the case can not be brought

within the jurisdiction of equity by following the allegations of fact with the prayer for equitable relief.

Judgment affirmed.